NOTICE OF OBJECTION TO CONFIRMATION

WELLS FARGO BANK, NA has filed papers with the Court to object to the Confirmation of the Chapter 11 Plan.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 11 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

File with the Court an answer, explaining your position at:

**Clerk**

**U.S. Bankruptcy Court**

**50 Walnut Street, 3rd Floor**

**Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Phelan Hallinan Diamond & Jones, PC                U.S. TRUSTEE.
400 Fellowship Road, Suite 100                     OFFICE OF THE US TRUSTEE
Mt. Laurel, NJ 08054                               ONE NEWARK CENTER STE 2100
                                                   NEWARK, NJ 07102

Attend the hearing scheduled to be held on _____ in the NEWARK Bankruptcy Court, at the following address:

**U.S. Bankruptcy Court**

**50 Walnut Street, 3rd Floor**

**Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: March 31, 2017

/s/ James  P. Shay
James  P. Shay, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Email: james.shay@phelanhallinan.com

**File No. 790542**

Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
WELLS FARGO BANK, NA

| | |
|---|---|
| In Re:<br><br>JUROMA PROPERTIES, LLC<br>TOZ-BEL, LLC<br>JULIO MALDONADO<br>ROSA I. CHACON MOLINA<br><br><br>Debtors | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 11<br><br>Case No. 16-17985 – VFP<br>(Jointly Administered)<br><br>Hearing Date: _____ |

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, WELLS FARGO BANK, NA, the holder of a Mortgage on debtors' residence located at 128-130 HECKEL ST, BELLEVILLE, NJ 07109, hereby objects to the Confirmation of the debtors' proposed Chapter 11 Plan on the following grounds:

1.    Movant is WELLS FARGO BANK, NA.

2.    Debtors, JULIO MALDONADO and ROSA CHACON-MOLINA, are the owners of the property located at 128-130 HECKEL ST, BELLEVILLE, NJ 07109.

3.    On August 29, 2016, Movant filed Proof of Claim listing pre-petition arrears in the amount of $36,950.19.  A copy of the Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

4.    Debtors' Plan fails to address this delinquency pursuant to 11 U.S.C. §1322(b)(5).

5.    Debtors' Plan currently provides for no payment to Movant and states that the Debtors will be filing a Motion to Expunge the Claim because the property is owned by JULIO MALDONADO and ROSA CHACON-MOLINA, not JUROMA PROPERTIES, LLC. A copy of the Debtors' Plan is attached hereto as Exhibit "B" and made a part hereof.

6.    Movant objects to Debtors' Plan to the extent that it does not address the arrears listed in the aforementioned Proof of Claim.  Debtors' Plan should be amended to clearly address the arrears owed to Movant as the bankruptcy of JULIO MALDONADO and ROSA CHACON-

MOLINA is jointly administered within Bankruptcy Case No. 16-17985-VFP. Confirmation of

Debtors' proposed Plan should be denied.


WHEREFORE, WELLS FARGO BANK, NA respectfully requests that the Confirmation

of Debtors' Plan be denied.

/s/ James  P. Shay
James  P. Shay, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 41326
Fax: 856-813-5501
Email: james.shay@phelanhallinan.com

Dated: March 31, 2017

**Exhibit A**

<table>
<tr><td>

**Fill in this information to identify the case:**

Debtor 1   Juroma Properties, LLC

Debtor 2
(Spouse, if filing) _____

United States Bankruptcy Court for the:  Main District of New Jersey

Case number 16-17985

</td>
<td>

Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

</td></tr>
</table>

<u>Official Form 410</u>

# Proof of Claim

04/16

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Wells Fargo Bank, N.A.

_____
Name of the current creditor (the person or entity to be paid for this claim)

_____
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

[X] No
[ ] Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y

_____
Name

1000 Blue Gentian Road

_____
Number          Street

Eagan MN 55121-7700

_____
City                         State          ZIP Code

Contact phone   800-274-7025

Contact email   POCNOTIFICATIONS@WELLSFARGO.COM

Where should payments to the creditor be sent? (if different)

Wells Fargo Bank, N.A.
Attention: Payment Processing
MAC# X2302-04C

_____
Name

1 Home Campus

_____
Number          Street

Des Moines IA 50328

_____
City                         State          ZIP Code

Contact phone   800-274-7025

Contact email   POCNOTIFICATIONS@WELLSFARGO.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

W F C M G E 1 6 1 7 9 8 5 N J M 0 0 0 0 4 7 8 6

| 4. | Does this claim amend one already filed? | ☒ No ☐ Yes. | Claim number on court claims registry (if known) _____ | Filed on _____ MM/DD/YYYY |
|---|---|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No ☐ Yes. | Who made the earlier filing? _____ | |
|---|---|---|---|---|

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| 6. | Do you have any number you use to identify the debtor? | ☐ No ☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 4786 |
|---|---|---|

| 7. | How much is the claim? | $ 267,018.75 | **Does this amount include interest or other charges?** ☐ No ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|---|

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Money Loaned

9. **Is all or part of the claim secured?**

☐ No
☒ Yes. The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe:   128 -130 HECKEL ST  BELLEVILLE NJ 07109-1576

**Basis for perfection:**   Recorded Mortgage/Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ _____

**Amount of the claim that is secured:**   $ 267,018.75

**Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ 36,950.19

**Annual Interest Rate** (when case was filed)  5.25 %
☒ Fixed
☐ Variable

| 10. | Is this claim based on a lease? | ☒ No ☐ Yes. | **Amount necessary to cure any default as of the date of the petition.**   $ _____ |
|---|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☒ No ☐ Yes. | Identify the property: _____ |
|---|---|---|---|

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | | Amount entitled to priority |
|---|---|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check all that apply:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor.s business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $ _____

\* Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/29/2016
                   MM / DD / YYYY

/S/ Shane Matthew Thorbahn
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Shane Matthew Thorbahn | | |
|---|---|---|---|
| | First name | Middle name | Last name |

Title  Vice President Loan Documentation

Company  Wells Fargo Bank, N.A.

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____

         Number    Street

         _____

         City                    State    ZIP Code

Contact phone  _____

Email  _____

---

(12/15)

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 16-17985 |
| Debtor 1: | Juroma Properties, LLC |
| Debtor 2: | |
| Last 4 digits to identify: | 4786 |
| Creditor: | Wells Fargo Bank, N.A. |
| Servicer: | N/A |
| Fixed accrual/daily simple interest/other: | Fixed Accrual |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 238,722.72 |
| Interest due: | 16,420.18 |
| Fees, costs due: | 2,828.48 |
| Escrow deficiency for funds advanced: | 10,952.34 |
| Other: | |
| Less total funds on hand: | – 95.03 |
| Total debt: | 267,018.75 |

*Not to be used for payoff purposes

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | 21,491.40 |
| Prepetition fees due: | 2,828.48 |
| Escrow deficiency for funds advanced: | 10,952.34 |
| Projected escrow shortage: | 1,677.97 |
| Other: | 0.00 |
| Less funds on hand: | – 0.00 |
| Total prepetition arrearage: | 36,950.19 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | 1,432.76 |
| Monthly escrow: | 719.87 |
| Private mortgage insurance: | 95.03 |
| Optional Products: | 0.00 |
| Total monthly payment: | 2,247.66 |

*Additional changes to the monthly payment amount may be required because interest rate adjustments or escrow requirement changes.

## Part 5: Loan Payment History from First Date of Default

| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| 02/17/2015 | | | | Beginning Balances | 02/01/2015 | 2,230.90 | | | | | | 238,722.72 | | 0.00 | 900.61 | 0.00 |
| 02/17/2015 | | | 90.37 | Late Charge | 02/01/2015 | 2,230.90 | | | | 90.37 | | 238,722.72 | | 0.00 | 900.61 | 90.37 |
| 03/01/2015 | 2,230.90 | | | Monthly payment | 02/01/2015 | 4,461.80 | | | | | | 238,722.72 | | 0.00 | 900.61 | 90.37 |
| 03/04/2015 | | | 97.02 | Mortgage Insurance disbursement | 02/01/2015 | 4,461.80 | 0.00 | 0.00 | | -97.02 | | 238,722.72 | | 0.00 | 803.59 | 90.37 |
| 03/10/2015 | | 4,608.79 | | Payment | 02/01/2015 | 2,230.90 | 397.10 | 1,035.66 | 826.45 | | | 238,325.62 | | 0.00 | 1,630.04 | 0.00 |
| 03/10/2015 | | 0.00 | | Payment | 03/01/2015 | 2,230.90 | 398.84 | 1,033.92 | 826.45 | | -90.37 | 235,926.78 | | 0.00 | 2,456.49 | 0.00 |
| 03/23/2015 | | | 0.00 | Reversal | 03/01/2015 | 2,230.90 | -398.84 | -1,033.92 | -826.45 | | | 238,325.62 | | 0.00 | 1,630.04 | 0.00 |
| 03/23/2015 | | | 0.00 | Undefined Category | 03/01/2015 | 4,461.80 | | 0.00 | 0.00 | | | 238,325.62 | | 0.00 | 1,630.04 | 0.00 |
| 03/23/2015 | | | 0.00 | Reversal | 02/01/2015 | 4,461.80 | -397.10 | -1,035.66 | -826.45 | | 90.37 | 238,722.72 | | 0.00 | 803.59 | 90.37 |
| 03/23/2015 | | | 90.37 | Late Charge | 02/01/2015 | 4,461.80 | | | | 90.37 | | 238,722.72 | | 0.00 | 803.59 | 180.74 |
| 03/23/2015 | | | 20.00 | Non-sufficient funds (NSF) fees | 02/01/2015 | 4,461.80 | | | | 20.00 | | 238,722.72 | | 0.00 | 803.59 | 200.74 |
| 04/01/2015 | 2,230.90 | | | Monthly payment | 02/01/2015 | 6,692.70 | | | | | | 238,722.72 | | 0.00 | 803.59 | 200.74 |
| 04/03/2015 | | | 97.02 | Mortgage Insurance disbursement | 02/01/2015 | 6,692.70 | 0.00 | 0.00 | | -97.02 | | 238,722.72 | | 0.00 | 706.57 | 200.74 |

# Mortgage Proof of Claim Attachment: Additional Page

Case number: 16-17985

Debtor 1: Juroma Properties, LLC

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual Prin. int & due date | G. esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | K. Amount incurred | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | 200.00 |
| 04/14/2015 | | 2,259.21 | | Payment | 02/01/2015 | 6,692.70 | 397.10 | 1,035.66 | | 826.45 | | | 0.00 | 236,326.62 | 236,326.62 | 0.00 | 1,533.02 | 200.74 |
| 04/20/2015 | | | 1,870.09 | City tax disbursement | 02/01/2015 | 6,692.70 | | 0.00 | | -1,870.09 | | | 0.00 | 236,326.62 | 236,326.62 | 0.00 | -337.07 | 200.74 |
| 04/27/2015 | | | 0.00 | Reversal | 02/01/2015 | 6,692.70 | -397.10 | -1,035.66 | | -826.45 | | | 0.00 | 236,722.72 | 236,722.72 | 0.00 | -1,163.52 | 200.74 |
| 04/27/2015 | | | 90.37 | Late Charge | 02/01/2015 | 6,692.70 | | | | | 90.37 | | | 236,722.72 | 236,722.72 | 0.00 | -1,163.52 | 291.11 |
| 04/27/2015 | | | 20.00 | Non-sufficient funds (NSF) fees | 02/01/2015 | 6,692.70 | | | | | 20.00 | | | 236,722.72 | 236,722.72 | 0.00 | -1,163.52 | 311.11 |
| 05/01/2015 | 2,230.90 | | | Monthly payment | 02/01/2015 | 8,923.60 | | | | | | | | 236,722.72 | 236,722.72 | 0.00 | -1,163.52 | 311.11 |
| 05/03/2015 | | | 97.02 | Mortgage Insurance disbursement | 02/01/2015 | 8,923.60 | | 0.00 | 0.00 | -97.02 | | | 0.00 | 236,722.72 | 236,722.72 | 0.00 | -1,260.54 | 311.11 |
| 05/18/2015 | | | 90.37 | Late Charge | 02/01/2015 | 8,923.60 | | | | | 90.37 | | | 236,722.72 | 236,722.72 | 0.00 | -1,260.54 | 401.48 |
| 05/29/2015 | | 9,398.32 | | Payment | 02/01/2015 | 6,692.70 | 397.10 | 1,035.66 | | 826.45 | | -271.11 | 90.37 | 236,326.62 | 236,326.62 | 0.00 | -434.09 | 130.37 |
| 05/29/2015 | | 0.00 | | Payment | 03/01/2015 | 4,461.80 | 398.84 | 1,033.92 | | 826.45 | | | 0.00 | 235,926.78 | 235,926.78 | 0.00 | 392.36 | 130.37 |
| 05/29/2015 | | 0.00 | | Payment | 04/01/2015 | 2,230.90 | 400.58 | 1,032.18 | | 826.45 | | | 0.00 | 235,526.20 | 235,526.20 | 0.00 | 1,218.81 | 130.37 |
| 05/29/2015 | | 0.00 | | Payment | 05/01/2015 | 0.00 | 402.33 | 1,030.43 | | 826.45 | | | 0.00 | 235,123.87 | 235,123.87 | 0.00 | 2,045.26 | 130.37 |
| 05/29/2015 | | 40.00 | | Payment | 06/01/2015 | 0.00 | 0.00 | 0.00 | | 0.00 | | -40.00 | | 235,123.87 | 235,123.87 | 0.00 | 2,045.26 | 90.37 |
| 05/29/2015 | | 0.00 | | Payment | 06/01/2015 | 0.00 | 0.00 | 0.00 | | 0.00 | | -90.37 | -90.37 | 235,123.87 | 235,123.87 | 0.00 | 2,045.26 | 0.00 |
| 06/01/2015 | 2,230.90 | | | Monthly payment | 06/01/2015 | 2,230.90 | | | | | | | | 235,123.87 | 235,123.87 | 0.00 | 2,045.26 | 0.00 |
| 06/04/2015 | | | 97.02 | Mortgage Insurance disbursement | 06/01/2015 | 2,230.90 | 0.00 | 0.00 | | -97.02 | | | 0.00 | 235,123.87 | 235,123.87 | 0.00 | 1,948.24 | 0.00 |
| 06/12/2015 | | | 0.00 | Reversal | 06/01/2015 | 2,230.90 | 0.00 | 0.00 | | 0.00 | | 90.37 | 90.37 | 235,123.87 | 235,123.87 | 0.00 | 1,948.24 | 90.37 |
| 06/12/2015 | | | 0.00 | Reversal | 06/01/2015 | 4,461.80 | 0.00 | 0.00 | | 0.00 | | 40.00 | 0.00 | 235,526.20 | 235,526.20 | 0.00 | 1,948.24 | 130.37 |
| 06/12/2015 | | | 0.00 | Reversal | 05/01/2015 | 6,692.70 | -402.33 | -1,030.43 | | -826.45 | | | 0.00 | 235,526.20 | 235,526.20 | 0.00 | 1,121.79 | 130.37 |
| 06/12/2015 | | | 0.00 | Reversal | 04/01/2015 | 8,923.60 | -400.58 | -1,032.18 | | -826.45 | | | 0.00 | 235,926.78 | 235,926.78 | 0.00 | 295.34 | 130.37 |
| 06/12/2015 | | | 0.00 | Reversal | 03/01/2015 | 11,154.50 | -398.84 | -1,033.92 | | -826.45 | | | 0.00 | 236,326.62 | 236,326.62 | 0.00 | -531.11 | 130.37 |
| 06/12/2015 | | | 0.00 | Reversal | 02/01/2015 | 11,154.50 | -397.10 | -1,035.66 | | -826.45 | | 271.11 | -90.37 | 236,722.72 | 236,722.72 | 0.00 | -1,357.56 | 401.48 |

# Mortgage Proof of Claim Attachment: Additional Page

Case number: 16-17985

Debtor 1: Juroma Properties, LLC

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/12/2015 | | | 20.00 | Non-sufficient funds (NSF) fees | 02/20/2015 | 11,154.50 | | | | | 20.00 | 236,722.72 | | 0.00 | -1,357.56 | 421.48 |
| 06/16/2015 | | | -60.00 | Non-sufficient funds (NSF) fees | 02/20/2015 | 11,154.50 | | | | | -60.00 | 236,722.72 | | 0.00 | -1,357.56 | 361.48 |
| 06/19/2015 | | | 75.00 | Title costs | 02/20/2015 | 11,154.50 | | | | | 75.00 | 236,722.72 | | 0.00 | -1,357.56 | 436.48 |
| 06/22/2015 | | | 404.98 | Attorney's fees | 02/20/2015 | 11,154.50 | | | | | 404.98 | 236,722.72 | | 0.00 | -1,357.56 | 841.46 |
| 06/24/2015 | | | 400.00 | Title costs | 02/20/2015 | 11,154.50 | | | | | 400.00 | 236,722.72 | | 0.00 | -1,357.56 | 1,241.46 |
| 07/01/2015 | 2,230.90 | | | Monthly payment | 02/20/2015 | 13,385.40 | | | | | | 236,722.72 | | 0.00 | -1,357.56 | 1,241.46 |
| 07/03/2015 | | | 97.02 | Mortgage Insurance disbursement | 02/20/2015 | 13,385.40 | 0.00 | 0.00 | 0.00 | -97.02 | | 236,722.72 | | 0.00 | -1,454.58 | 1,241.46 |
| 07/14/2015 | | | 250.00 | Filing fees and court costs | 02/20/2015 | 13,385.40 | | | | | 250.00 | 236,722.72 | | 0.00 | -1,454.58 | 1,491.46 |
| 07/15/2015 | | | 807.52 | Attorney's fees | 02/20/2015 | 13,385.40 | | | | | 807.52 | 236,722.72 | | 0.00 | -1,454.58 | 2,298.98 |
| 07/21/2015 | | | 44.50 | Recording fees | 02/20/2015 | 13,385.40 | | | | | 44.50 | 236,722.72 | | 0.00 | -1,454.58 | 2,343.48 |
| 07/24/2015 | | | 1,971.77 | City tax disbursement | 02/20/2015 | 13,385.40 | 0.00 | 0.00 | 0.00 | -1,971.77 | | 236,722.72 | | 0.00 | -3,426.35 | 2,343.48 |
| 08/01/2015 | 2,230.90 | | | Monthly payment | 02/20/2015 | 15,616.30 | | | | | | 236,722.72 | | 0.00 | -3,426.35 | 2,343.48 |
| 08/03/2015 | | | 97.02 | Mortgage Insurance disbursement | 02/20/2015 | 15,616.30 | 0.00 | 0.00 | 0.00 | -97.02 | | 236,722.72 | | 0.00 | -3,523.37 | 2,343.48 |
| 09/01/2015 | 2,230.90 | | | Monthly payment | 02/20/2015 | 17,847.20 | | | | | | 236,722.72 | | 0.00 | -3,523.37 | 2,343.48 |
| 09/04/2015 | | | 97.02 | Mortgage Insurance disbursement | 02/20/2015 | 17,847.20 | 0.00 | 0.00 | 0.00 | -97.02 | | 236,722.72 | | 0.00 | -3,620.39 | 2,343.48 |
| 09/29/2015 | | | 485.00 | Attorney's fees | 02/20/2015 | 17,847.20 | | | | | 485.00 | 236,722.72 | | 0.00 | -3,620.39 | 2,828.48 |
| 10/01/2015 | 2,230.90 | | | Monthly payment | 02/20/2015 | 20,078.10 | | | | | | 236,722.72 | | 0.00 | -3,620.39 | 2,828.48 |
| 10/02/2015 | | | 95.03 | Mortgage Insurance disbursement | 02/20/2015 | 20,078.10 | 0.00 | 0.00 | 0.00 | -95.03 | | 236,722.72 | | 0.00 | -3,715.42 | 2,828.48 |
| 10/20/2015 | | | 1,973.84 | City tax disbursement | 02/20/2015 | 20,078.10 | 0.00 | 0.00 | 0.00 | -1,973.84 | | 236,722.72 | | 0.00 | -5,689.26 | 2,828.48 |
| 11/01/2015 | 2,230.90 | | | Monthly payment | 02/20/2015 | 22,309.00 | | | | | | 236,722.72 | | 0.00 | -5,689.26 | 2,828.48 |

# Mortgage Proof of Claim Attachment: Additional Page

Case number: 16-17985

Debtor 1: Juroma Properties, LLC

## Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Contractual Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2015 | | | 95.03 | Mortgage Insurance disbursement | 02/01/2015 | 22,309.00 | 0.00 | 0.00 | 0.00 | -95.03 | | 236,722.72 | 0.00 | -5,784.29 | | 2,828.48 |
| 12/01/2015 | 2,230.90 | | | Monthly payment | 02/01/2015 | 24,539.90 | | | | | | 236,722.72 | 0.00 | -5,784.29 | | 2,828.48 |
| 12/04/2015 | | | 95.03 | Mortgage Insurance disbursement | 02/01/2015 | 24,539.90 | 0.00 | 0.00 | 0.00 | -95.03 | | 236,722.72 | 0.00 | -5,879.32 | | 2,828.48 |
| 12/17/2015 | | | 850.00 | Hazard Insurance Disbursement | 02/01/2015 | 24,539.90 | 0.00 | 0.00 | 0.00 | -850.00 | | 236,722.72 | 0.00 | -6,729.32 | | 2,828.48 |
| 01/01/2016 | 2,230.90 | | | Monthly payment | 02/01/2015 | 26,770.80 | | | | | | 236,722.72 | 0.00 | -6,729.32 | | 2,828.48 |
| 01/04/2016 | | | 95.03 | Mortgage Insurance disbursement | 02/01/2015 | 26,770.80 | 0.00 | 0.00 | 0.00 | -95.03 | | 236,722.72 | 0.00 | -6,824.35 | | 2,828.48 |
| 01/19/2016 | | | 1,921.45 | City tax disbursement | 02/01/2015 | 26,770.80 | 0.00 | 0.00 | 0.00 | -1,921.45 | | 236,722.72 | 0.00 | -8,745.80 | | 2,828.48 |
| 02/01/2016 | 2,230.90 | | | Monthly payment | 02/01/2015 | 29,001.70 | | | | | | 236,722.72 | 0.00 | -8,745.80 | | 2,828.48 |
| 02/04/2016 | | | 95.03 | Mortgage Insurance disbursement | 02/01/2015 | 29,001.70 | 0.00 | 0.00 | 0.00 | -95.03 | | 236,722.72 | 0.00 | -8,840.83 | | 2,828.48 |
| 03/01/2016 | 2,239.10 | | | Monthly payment | 02/01/2015 | 31,240.80 | | | | | | 236,722.72 | 0.00 | -8,840.83 | | 2,828.48 |
| 03/04/2016 | | | 95.03 | Mortgage Insurance disbursement | 02/01/2015 | 31,240.80 | 0.00 | 0.00 | 0.00 | -95.03 | | 236,722.72 | 0.00 | -8,935.86 | | 2,828.48 |
| 04/01/2016 | 2,247.66 | | | Monthly payment | 02/01/2015 | 33,488.46 | | | | | | 236,722.72 | 0.00 | -8,935.86 | | 2,828.48 |
| 04/03/2016 | | | 95.03 | Mortgage Insurance disbursement | 02/01/2015 | 33,488.46 | 0.00 | 0.00 | 0.00 | -95.03 | | 236,722.72 | 0.00 | -9,030.89 | | 2,828.48 |
| 04/15/2016 | | | 1,921.45 | City tax disbursement | 02/01/2015 | 33,488.46 | 0.00 | 0.00 | 0.00 | -1,921.45 | | 236,722.72 | 0.00 | -10,952.34 | | 2,828.48 |
| 04/26/2016 | | | | Bankruptcy Filed | 02/01/2015 | 33,488.46 | | | | | | 236,722.72 | 0.00 | -10,952.34 | | 2,828.48 |

Basis for asserting that the applicable party has the right to foreclose: Debtor(s) executed a promissory note secured by a mortgage, deed of trust, or security deed. The Promissory note is either made payable to creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage, deed of trust, or security deed.

**Additional Disclaimers (where applicable)**

**410**

> **Part 2:** Question 9-Describe contains the property address and may contain a description for "Other".

**410A**

> **Part 1:**
>
> Full creditor name cannot be displayed due to space limitation, see 410 part 1.1 for full name.
>
> **Part 2:**
>
> Principal Balance is from Part 5, Column M as of the Bankruptcy File Date.
>
> Interest Due is the interest due as of the Bankruptcy File Date.
>
> Fees, costs due is from Part 5, Column P as of the Bankruptcy File Date and includes any outstanding fees (i.e. late charges, property inspections) and cost (i.e. attorney costs), also included are corporate advances (i.e. tax, insurance) for non-escrowed loans as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.
>
> Escrow deficiency for funds advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.
>
> Other includes any applicable Private Mortgage Insurance, other Optional Products (i.e. A & H, Life) or Deferred Interest, where applicable, due as of the Bankruptcy File Date. This line was added to ensure transparency.
>
> Less Total Funds on hand is the total of Part 5, Column O (if positive balance) and Q as of the Bankruptcy File Date.
>
> Total Debt not to be used for payoff purposes.
>
> The Total debt figures in Part 2 of the Form 410A and the corresponding figure in Part 2(7) of the Form 410 include an amount for the MIP\PMI premium(s) that are due as of the petition date but may not be disbursed to the third party until after the petition date. These transactions will not appear in Part 5 of the 410A because they are post-petition disbursements. To the extent a breakdown of the Other amount in Part 2 of the 410A is requested, it will be provided.
>
> **Part 3:**
>
> Principal and Interest is the principal and interest portion of Part 5, Column G, as of the Bankruptcy File Date. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition principal and interest amounts).
>
> Pre-Petition Fees Due is from Part 5, Column P as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.
>
> Escrow Deficiency for Funds Advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.
>
> Projected Escrow Shortage is the Escrow Required from the escrow analysis minus a positive escrow balance as of the Bankruptcy File Date. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition escrow amounts).
>
> Other includes any applicable Optional Products (i.e. A & H, Life) due as of the bankruptcy file date. This line was added to ensure transparency. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition Optional Product amounts).
>
> Less Funds on Hand is from Part 5, column Q as of the Bankruptcy File Date.
>
> **Part 4:**
>
> Optional Products includes any applicable optional products (i.e. A & H, Life) due as of the Bankruptcy File Date. This line was added to ensure transparency.
>
> (*)This disclaimer has been added to the form to explain that the monthly payment amount may change periodically throughout the life of the loan.
>
> **Part 5:**
>
> If any of the transactions in the loan payment history contain amounts for optional products, the amount for that product will be reflected in either the Contractual payment amount or the Funds Received amount, and will be applied in those amounts. It will also be reflected in column G as described below.
>
> Column G In addition to the items listed, this also includes any past due PMI or optional products (i.e. A & H, Life) amounts, as applicable. Optional product (i.e. A & H, Life) amounts will not be included in columns H-Q due to no appropriate column heading for this type of transaction.
>
> Column J includes taxes, insurance and MIP/PMI as applicable.

Column N will only be populated if Daily Simple or Deferred Interest exists on the account.

Column O includes taxes, insurance and MIP/PMI as applicable.

## Exhibit B

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Anthony Sodono, III
Sari B. Placona
*Counsel to Toz-Bel, LLC, d/b/a Rossy's Garden*
*Restaurant, Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JUROMA PROPERTIES, LLC, TOZ-BEL, LLC, AND JULIO MALDONADO and ROSA I. CHACON MOLINA,<br><br>      Debtors. | Case No. 16-17985 (VFP)<br>Jointly Administered<br><br>Chapter 11 (Small Business)<br><br>Honorable Vincent F. Papalia, U.S.B.J. |

**SMALL BUSINESS DEBTORS' COMBINED PLAN**
**OF REORGANIZATION AND DISCLOSURE STATEMENT**

This Combined Plan of Reorganization and Disclosure Statement (the "Plan") is presented to you to inform you of the proposed Plan for restructuring the debt of Toz-Bel, LLC, d/b/a Rossy's Garden Restaurant ("Toz-Bel") **and** Juroma Properties, LLC ("Juroma Properties") (collectively, the "Debtors"), and to seek your vote to accept the Plan. Although the Debtors are jointly administered with Julio Maldonado ("Maldonado") and Rosa I. Chacon Molina ("Molina"), individually (Maldonado and Molina are collectively referred to as "Maldonado"), the Plan does not include Maldonado.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE ADEQUACY OF THE DISCLOSURES MADE IN THIS DOCUMENT, OR YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, YOU MUST DO SO BY _____, 2017.

YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY _____ 2017.  THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS: Sari B. Placona, Esq., and Anthony Sodono, III, Esq., Trenk, DiPasquale, Della Fera & Sodono, P.C., 347 Mount Pleasant Avenue, Suite 300, West Orange, NJ, 07052.

A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR _____, 2017 IN COURTROOM No. 3B AT THE UNITED STATES BANKRUPTCY COURT, 50 WALNUT STREET, NEWARK, NJ 07102.

Your rights may be affected by this Combined Plan and Disclosure Statement.  You should consider discussing this document with an attorney.

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
*Counsel to Toz-Bel, LLC, d/b/a Rossy's Garden*
*Restaurant, Debtor and Debtor-in-Possession*


By:    /s/ Anthony Sodono, III
      ANTHONY SODONO, III

      /s/ Julio Maldonado
      JULIO MALDONADO


**SCURA WIGFIELD HEYER & STEVENS, LLP**
*Counsel to Juroma Properties, LLC*


By:    /s/ David L. Stevens
      DAVID L. STEVENS

      /s/ Julio Maldonado
      JULIO MALDONADO

## TABLE OF CONTENTS

Page

I.      SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS ......................1

II.     ARTICLE 1
        BACKGROUND OF THE DEBTOR .................................................................................2

        A.      Filing of the Debtors' Chapter 11 Cases…………………………………………..2

        B.      Nature of the Debtors' Businesses…………………………………………………..2

        C.      Legal Structure and Ownership……………………………………………………..2

        D.      Debtors' Assets and Tozzo-Belmont Litigation…………………………………… 2

        E.      Liabilities…………………………………………………………………………….3

        F.      Current and Historical Financial Conditions………………………………………...4

        G.      Events Leading to the Filing of the Bankruptcy Case…………………………….....4

        H.      Significant Events During the Bankruptcy Cases…………………………………….5

        I.      Projected Recovery of Avoidable Transfers ………………………………………...6

III.    ARTICLE 2
        THE PLAN ...............................................................................................................................6

        A.      Unclassified Claims…………………………………………………………………..6

        B.      Classes of Claims and Equity Interests……………………………………………….9

        C.      Estimated Number and Amount of Claims Objections………………………………12

        D.      Treatment of Executory Contracts and Unexpired Leases…………………………..12

        E.      Means for Implementation of the Plan……………………………………………….12

        F.      Disbursing Agent…………………………………………………………………......13

        G.      Post-Confirmation Management……………………………………………………...13

        H.      Tax Consequences of the Plan……………………………………………………......13

        I.      Risk Factors/Mitigating Factors……………………………………………………...13

IV.     ARTICLE 3
        FEASIBILITY OF PLAN ...............................................................................................................13

A.  Ability to Initially Fund Plan...................................................................14

B.  Ability to Make Future Plan Payments and Operate
Without Further Reorganization...........................................................14

V.      ARTICLE 4
LIQUIDATION VALUATION...........................................................................14

VI.     ARTICLE 5
DISCHARGE.......................................................................................................14

VII.    ARTICLE 6
GENERAL PROVISIONS...................................................................................15

A.  Title to Assets............................................................................................15

B.  Binding Effect...........................................................................................15

C.  Severability................................................................................................15

D.  Retention of Jurisdiction by the Bankruptcy Court.....................................15

E.  Captions.....................................................................................................15

F.  Modification of Plan...................................................................................15

G.  Final Decree...............................................................................................16

VIII.   ARTICLE 7
ATTACHMENTS................................................................................................16

IX.     ARTICLE 8
FREQUENTLY ASKED QUESTIONS..............................................................16

X.      ARTICLE 9
DEFINITIONS....................................................................................................18

## **SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS**

Toz-Bel, LLC, d/b/a Rossy's Garden Restaurant ("Toz-Bel") filed its Chapter 11 Petition on March 22, 2016, in order to reorganize its business. Through the Plan, Toz-Bel seeks to remain in business, grant a first mortgage to Antos Lending Associates Corporation ("Antos") and pay a dividend to creditors.

Toz-Bel is a restaurant located at 14 Belmont Avenue, Belleville, New Jersey, 07109 (the "Property"), and has been operating since April 2010. Toz-Bel serves Ecuadorian and Italian cuisine and also has a liquor license and a bar. Toz-Bel employs approximately four (4) people.

Juroma Properties, LLC ("Juroma Properties") filed its Chapter 11 Petition on April 26, 2016, in order to reorganize its business. Through the Plan, Juroma Properties seeks to remain in business and pay a dividend to creditors. Toz-Bel operates its restaurant out of the Property.

Toz-Bel and Juroma Properties have the same principals, the Maldonados.

Tozzo-Belmont Inc. ("Tozzo-Belmont"), the Debtors' largest secured creditor, lent certain monies to Juroma Properties and was secured by a first mortgage on the Property and a lien on Toz-Bel's restaurant equipment. Maldonado owns and operates Juroma Properties and Toz-Bel. The Debtors, along with Maldonado, personally guaranteed the Tozzo-Belmont debt.

The Debtors and Maldonado defaulted on its obligation to Tozzo-Belmont. On or about April 15, 2015, Tozzo-Belmont filed a Foreclosure Complaint against Toz-Bel. On or about November 16, 2015, Tozzo-Belmont filed a motion to appoint a rent receiver for the Debtors. On or about January 21, 2016, Honorable Walter Koprowski, Jr., P.J. Ch., appointed Charles Rabolli, Jr., as the court appointed rent receiver. On February 18, 2016, Charles Rabolli, Jr., Esq., filed a Verified Complaint in the landlord/tenant court to evict Toz-Bel. Toz-Bel and Juroma Properties filed their petitions to protect their assets and ongoing operations for the benefit of creditors. Without filing their petition and protecting their creditors, the Property, and assets would have been liquidated for the sole benefit of Tozzo-Belmont. Unsecured creditors would not have received any distribution.

## ARTICLE 1
## BACKGROUND OF THE DEBTOR

### 1.1     Filing of the Debtors' Chapter 11 Cases.

On March 22, 2016, Toz-Bel filed a voluntary petition for relief under the Bankruptcy Code. On April 26, 2016, Juroma Properties filed a voluntary petition for relief under the Bankruptcy Code. On July 15, 2016, Toz-Bel's and Juroma Properties' Chapter 11 cases were jointly administered. The jointly administered case is pending in the Bankruptcy Court in Newark, New Jersey. Toz-Bel and Juroma Properties are refereed herein as the "Debtors."[1]

### 1.2     Nature of the Debtors' Businesses.

Toz-Bel is a restaurant located at 14 Belmont Avenue, Belleville, New Jersey, 07109 (the "Property"), and has been operating since April 2010. Toz-Bel serves Ecuadorian and Italian cuisine. Toz-Bel also has a liquor license and a bar. Juroma Properties is a single asset real estate as defined in 11 U.S.C. § 101(51B).

### 1.3     Legal Structure and Ownership.

Mr. Maldonado is the managing member and Ms. Chacon is a member of the Debtors. Mr. Maldonado owns sixty percent (60%) and Ms. Chacon owns forty percent (40%) of the Debtors' membership interests. Toz-Bel has four (4) employees, including Ms. Chacon.

### 1.4     Debtors' Assets and Tozzo-Belmont Litigation

Toz-Bel's asset is its restaurant business, equipment, and liquor license. Tozzo-Belmont held a first mortgage and foreclosure judgment on the Property of approximately $550,000. Debtors, along with the Maldonados, defaulted on a Promissory Note and Mortgage held by Tozzo-Belmont encumbering the Property. According to an appraisal requested by Tozzo-Belmont, the Property was valued between $425,000 and $450,000. As a result of Tozzo-Belmont's appraisal, Debtors fixed Tozzo-Belmont's secured debt at $437,500 (this is between the appraisal value of $425,000 and $450,000, asserted by Tozzo-Belmont) and added an additional $35,000 for legal fees amortized over thirty (30) years at five percent (5%) interest, finalizing Tozzo-Belmont's claim in the amount of $472,500. Tozzo-Belmont vigorously opposed Debtors' Bankruptcy Cases and filed a Motion to Dismiss same (Docket No. 80), however, Tozzo-Belmont and Debtors have resolved the Motion to Dismiss and entered into a Consent Order resolving the Motion to Dismiss. Tozzo-Belmont agreed to accept and vote its impaired Secured Claim and its impaired Unsecured Claim in favor of the Plan and support confirmation of the Debtors' Plan.

Debtors and Tozzo-Belmont settled as follows:[2] (1) Debtors will pay $100,000 to Tozzo-Belmont by December 17, 2016; (2) Debtors will pay $375,000 to Tozzo-Belmont by January 31, 2017; (3) Tozzo-Belmont shall hold an allowed Secured Claim in the amount of $25,000 less

---

[1] As noted, Maldonado filed a Chapter 11 on March 22, 2016 (Case No. 16-15398).
[2] See Consent Order, Docket No. 127.

the total adequate protection payments Debtors makes to Tozzo-Belmont between December 1, 2016, and January 31, 2017. Debtors shall repay the balance of the Secured Claim, $25,000, by making monthly installments of $1,000 to Tozzo-Belmont until the balance is satisfied.[3] The Secured Claim is impaired. The Debtors have satisfied the Consent Order. They paid Tozzo-Belmont $100,000 on December 17, 2016, and $375,000 on February 3, 2017, as a result of the Maldonados obtaining loans for $475,000 of lending the funds to the Debtors. Tozzo-Belmont has agreed to vote its remaining claims in favor of and support of Debtors' Plan.

Pursuant to the Consent Order, Tozzo-Belmont holds a General Unsecured Claim against the Debtor in the amount of $14,138.53. The General Unsecured claim is impaired.

### 1.5    Liabilities.
### JUROMA PROPERTIES

A.    **Secured Claim**

| Creditor | Amount |
|---|---|
| Antos Lending Associates Corporation | $350,000[4] |
| Internal Revenue Service | $5,292.11 |
| Tozzo-Belmont, Inc. | $25,000 |
| Toyota Motor Credit Corporation | $17,491[5] |
| Wells Fargo Bank, N.A. | $267,018.75[6] |
| US Bank, N.A. | $13,203.32[7] |

B.    **Priority Claims**

Juroma Properties does not have any priority creditors.

C.    **Unsecured Claims**

| Creditor | Amount |
|---|---|
| Internal Revenue Service | $5,537.08 |
| Ramona Hinson | $336,765.50 |
| Tozzo-Belmont, Inc. | $14,138.53 |
| Township of Belleville | $5,897.12[8] |

---

[3] As of February 2, 2017, according to an executed Promissory Note, Debtors owe Tozzo-Belmont $17,200.

[4] This claim is reflected in a first mortgage on the Property.

[5] This vehicle was the property of Maldonado. Maldonado is no longer in possession of this vehicle. Debtors will be filing a motion to expunge this claim as it relates to the Maldonado case. This is a Disputed Claim under the Plan.

[6] This claim is for property located at 128-130 Heckel Street, Belleville, New Jersey, which Maldonado owns. Debtors will be filing a motion to expunge this claim as it relates to the Maldonado case. This is a Disputed Claim under the Plan.

[7] Debtors will be filing a motion to expunge this claim as it relates to a tax sale certificate on the Property which has been paid in full. This is a Disputed Claim under the Plan.

[8] On or about February 2, 2017, this claim was paid in full in order to provide Antos clear title to the Property.

3

## TOZ-BEL'S LIABILITIES

### A.    Secured Claim

| Creditor | Amount |
|----------|--------|
| Ramona Hinson | $23,555.97[9] |

### B.    Priority Claims

| Creditor | Amount |
|----------|--------|
| Internal Revenue Service | $48,351.70[10] |
| NJ Division of Employer Accounts | $1,936.29 |
| State of New Jersey, Division of Taxation Bankruptcy Section | $18,023.36 |
| State of New Jersey, Division of Employer Accounts | $1,347.80 |

### C.    Unsecured Claims

| Creditor | Amount |
|----------|--------|
| Internal Revenue Service | $34,793.47 |
| PSE&G | $1,170.73 |
| Ramona Hinson | $313,209.53[11] |

### 1.6    Current and Historical Financial Conditions.

Debtors' relevant financial data, including Debtors' historical and projected financial performance is set forth in their monthly operating reports.

### 1.7    Events Leading to the Filing of the Bankruptcy Case.

Tozzo-Belmont lent monies to Juroma Properties. Mr. Maldonado and Ms. Chacon own and operate Juroma Properties. Debtors, and Mr. Maldonado and Ms. Chacon were guarantors of the Tozzo-Belmont debt to Juroma Properties. On or about April 15, 2015, Tozzo-Belmont filed a Foreclosure Complaint against the Debtors.

On or about November 16, 2015, Tozzo-Belmont filed a motion to appoint a rent receiver for Toz-Bel. On or about January 21, 2016, Honorable Walter Koprowski, Jr., J.S.C., appointed Charles Rabolli, Jr., as the court appointed rent receiver. On February 18, 2016, Charles Rabolli, Jr., Esq., filed a Verified Complaint in the landlord/tenant court to evict Toz-Bel. As an attempt to prohibit Toz-Bel from being evicted, Toz-Bel filed its voluntary petition as the first step in restructuring its business.

---

[9] Hinson's claim is fixed and allowed for $23,555.97 as a secured claim per Consent Order dated January 31, 2017.

[10] The IRS' claim against Toz-Bel totals $83,145.17, and is comprised of the following: $48,351.70 is an unsecured priority claim and $34,793.47 is an unsecured general claim.

[11] Hinson's claim is fixed and allowed for $313,209.53 as an allowed general unsecured claim per Consent Order dated January 31, 2017.

### 1.8     Significant Events During the Bankruptcy Cases.

On April 6, 2016, an Order granting the motion for joint administration was entered for Toz-Bel and Maldonado's cases [Case No. 16-15415; Docket No. 39]. On April 13, 2016, an Order was entered to employ Trenk, DiPasquale, Della Fera & Sodono, P.C. as attorneys to Toz-Bel. [Case No. 16-15415; Docket No. 57]. On June 1, 2016, an Order was entered to employ Scura, Wigfield, Heyer & Stevens, LLP, as counsel for Juroma Properties. [Case No. 16-17985; Docket No. 22]. On July 13, 2016, an Order was entered to employ Bederson LLP as accountants to Toz-Bel. [Case No. 16-15415; Docket No. 99]. On July 15, 2016, an Order was entered granting the motion for joint administration among Juroma Properties, Maldonado, and Toz-Bel. [Case No. 16-17985; Docket No. 36]. On August 3, 2016, an Order was entered to employ Jorge L. Piney as accountant to Toz-Bel. [Case No. 16-17985; Docket No. 43]. On August 15, 2016, an Order was entered to employ Bederson LLP as accountants to Juroma Properties. [Case No. 16-17985; Docket No. 54].

Tozzo-Belmont and Debtors have resolved the Motion to Dismiss and entered into a Consent Order resolving same. Tozzo-Belmont agreed to accept and vote its impaired Secured Claim and its impaired Unsecured Claim in favor of the Plan and support confirmation of the Debtors' Plan.

Debtors and Tozzo-Belmont settled as follows:[12] (1) Debtors will pay $100,000 to Tozzo-Belmont by December 17, 2016; (2) Debtors will pay $375,000 to Tozzo-Belmont by January 31, 2017; (3) Tozzo-Belmont shall hold an allowed Secured Claim in the amount of $25,000 less the total adequate protection payments Debtors makes to Tozzo-Belmont between December 1, 2016 and January 31, 2017. Debtors shall repay the balance of the Secured Claim, $25,000, by making monthly installments of $1,000 to Tozzo-Belmont until the balance is satisfied. The Secured Claim is impaired. The Debtors have satisfied the Consent Order. They paid Tozzo-Belmont $100,000 on December 17, 2016, and $375,000 on February 3, 2017. Tozzo-Belmont has agreed to vote its remaining claims in favor of and support of Debtors' Plan.

Debtors also entered into a Consent Order with Ramona Hinson.[13] Debtors and Hinson agreed to the following:

1.     The Judgment on the Property be and hereby is released pursuant to a Release of Real Property from Judgment.

2.     Hinson's Claim in the Bankruptcy Case by Debtor, Toz-Bel, Case No. 16-15415 (VFP) is fixed and allowed for $23,555.97 as an allowed secured claim ("Secured Claim").

3.     Hinson's Claim in the Bankruptcy Case by Debtor, Toz-Bel, Case No 16-15415 (VFP) is fixed and allowed for $313,209.53 as an allowed general unsecured claim ("Unsecured Claim'). The Unsecured Claim will be treated in the Debtor's, Toz-Bel's plan of reorganization in accordance with other allowed general unsecured claims.

4.     Hinson's Secured Claim and Unsecured Claim shall be incorporated into Toz-Bel's plan of reorganization.

---

[12] See Consent Order, Docket No. 127.

[13] Consent Order was submitted to the Court on February 15, 2017.

5.      Hinson shall support and vote in favor of the Debtor, Toz-Bel's plan of reorganization or liquidation.

6.      The above Agreement shall have no effect on Hinson's Claims in the Debtors, Maldonado's Bankruptcy Case No. 16-15398(VFP), and Debtor, Juroma's Bankruptcy Case No. 16-17985 (VFP).

### 1.9      Projected Recovery of Avoidable Transfers

The Debtors have reviewed their books and records and do not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

## ARTICLE 2
## THE PLAN

The Debtors' Plan must describe how its Creditors will be paid.  Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment.  For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive.  The Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired.  A Claim or Equity Interest can be impaired if the Plan alters the legal, equitable or contractual rights to which the Claimants are otherwise entitled.  If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote.  A class accepts the Plan when more than one-half (1/2) in number and at least two thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan.  Also, a class of Equity Interest holders that actually vote, vote in favor of the Plan.  A class that is not impaired is deemed to accept the Plan.

### 2.1      Unclassified Claims

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified.  They are not considered impaired, and holders of such Claims do not vote on the Plan.  They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.  As such, the Plan does not place the following Claims in any class:

A.      Administrative Expenses and Fees

The Debtors must pay all Administrative Expenses in full, unless otherwise agreed to between the Debtors and the professional.  If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense.  Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtors and the Administrative

Claimant.   If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1.   If the Debtor trades in the ordinary course of business following its filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided.   This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and its trade Creditors.

2.   If the Debtor received goods it has purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

3.   Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 cases.   These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment.

The following chart lists the Debtors' estimated Administrative Expenses, and their proposed treatment under the Plan:

**Juroma Properties' Administrative Expenses:**

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Professional Fees[14] | Scura Wigfield Heyer & Stevens, LLP<br><br>(Attorneys)<br><br>$_____<br><br><br>Bederson, LLP<br><br>(Accountants)<br><br>$_____ | Paid in full on the Effective Date, or according to separate written agreement, or according to Bankruptcy Court order if such fees have not been approved by the Bankruptcy Court on the Effective Date. |

---

[14] Professional fees are subject to final fee applications, to be submitted, and court approval.

7

| | | |
|---|---|---|
| Clerk's Office fees | $_____ | Paid in full on the Effective Date. |
| United States Trustee Fees[15] | $_____ | Paid in full on the Effective Date. |
| **TOTAL** | $_____ | |

**Toz-Bel's Administrative Expenses:**

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Professional fees[16] | Trenk DiPasquale<br><br>(Attorneys)<br><br>$_____<br><br>Jorge L. Pitney Associates, P.C.<br><br>(Accountants)<br><br>$_____<br><br>Bederson, LLP<br><br>(Accountants)<br><br>$_____ | Paid in full on the Effective Date, or according to separate written agreement, or according to Bankruptcy Court order if such fees have not been approved by the Bankruptcy Court on the Effective Date. |
| Clerk's Office fees | $_____ | Paid in full on the Effective Date. |
| United States Trustee Fees[17] | $_____ | Paid in full on the Effective Date. |
| **TOTAL** | $_____ | |

B.    Priority Tax Claims

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees

---

[15] All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.  Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

[16] Professional fees are subject to final fee applications, to be submitted, and court approval.

[17] All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.  Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

Each holder of a Priority Tax Claim[18] in *Toz-Bel's* case will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| NJ Division of Employer Accounts | $1,936.29 | Paid in sixty (60) monthly payments plus four percent (4%) interest | Pmt Interval = $32.27 plus 4% interest on Effective Date of the Plan |
| State of New Jersey Division of Taxation Bankruptcy Section | $18,023.36 | Paid in sixty (60) monthly payments plus four percent (4%) interest | Pmt Interval = $300.38 plus 4% interest on Effective Date of the Plan |
| State of New Jersey Division of Employer Accounts | $1,347.80 | Paid in sixty (60) monthly payments plus four percent (4%) interest | Pmt Interval = $22.46 plus 4% interest on Effective Date of the Plan |

## 2.2    Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

A.    Classes of *Juroma Properties'* Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim.

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|---|---|---|---|---|---|
| 1 | Antos Lending Associates Corporation[19] | N | N | $350,000 | Payment will be provided through Debtors' operations. |

---

[18] As noted, there are no priority claim holders in Juroma Properties.

[19] Antos holds a Secured Claim for $350,000.[19] On or about February 3, 2017, Antos provided funding in the amount of $350,000 and was granted a first mortgage on the Property. The Antos Loan was personally guaranteed by Mr. Maldonado and Ms. Chacon

| 2 | Tozzo-Belmont | N | Y | $25,000[20] | Payment in monthly installments of $1,000 until balance is satisfied.[21] |
| 3 | Internal Revenue Service | N | N | $5,292.11 | Payment of $265 every quarter for five (5) years. |
|   | Toyota Motor Credit Corporation | N | Y | $17,491 | No payment as Debtors will be filing a motion to expunge this claim. This is a Disputed Claim. |
|   | Wells Fargo Bank, N.A. | N | Y | $267,018.75 | No payment as Debtors will be filing a motion to expunge this claim. This is a Disputed Claim. |
|   | US Bank, N.A. | N | Y | $13,203.32 | No payment as Debtors will be filing a motion to expunge this claim. This is a Disputed Claim. |

B.    Classes of *Toz-Bel's* Secured Claims

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|---|---|---|---|---|---|
| 4 | Ramona Hinson | N | Y | $23,555.97[22] | <ul><li>Monthly payment of $327.25 over seventy-two (72) months.</li><li>Begin Date = Effective Date</li></ul> |

C.    Classes of Priority Unsecured Claims

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The creditor listed below has filed an unsecured priority claim in *Toz-Bel's* case. The Debtors dispute these amounts and reserve the right to review these claims. Priority tax claims shall be satisfied in accordance with the requirements of Section 507(a)(8). The Debtors shall pay

---

[20] This amount is less the total amount of all adequate protection payments paid to Tozzo-Belmont. As of February 2, 2017, Debtors owed Tozzo-Belmont $17,200.

[21] Upon payment of this amount, Tozzo-Belmont releases any other collateral pledged to it by the Debtors.

[22] Hinson's claim is fixed and allowed for $23,555.97 per Consent Order dated January 31, 2017.

creditors holding priority tax claims over sixty (60) months in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii).

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|-------|-------------|----------------|----------------|-------------|-----------|
| 5 | Internal Revenue Service – taxes owed to governmental units | N | N | $48,351.70 | Payment of $805.86 plus 4% interest in sixty (60) monthly payments plus four percent (4%) interest. |

D.    Classes of *Juroma Properties'* General Unsecured Claims

General Unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.  The Debtors are paying general unsecured creditors collectively $10,000, pro rata according to their claims.

The following chart identifies the Plan's proposed treatment of Class 3, which contains General Unsecured Claims against the Debtors:

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|-------|-------------|----------------|----------------|-------------|-----------|
| 3 | Internal Revenue Service[23] | N | Y | $5,537.08 | • Payment of $50 every quarter for one (1) year. |
| 3 | Ramona Hinson[24] | N | Y | $336,765.50 | • Quarterly Payment of $400 for twenty-three (23) quarters and a final payment of $200. |
| 6 | Tozzo-Belmont[25] | N | Y | $14,138.53 | • Payment of $50 every quarter for two (2) years. |

---

[23] The IRS constitues 2% of the unsecured claims.
[24] Hinson constitutes 94% of the unsecured claims.
[25] Tozzo-Belmont constitutes 4% of the unsecured claims.  Thus, the IRS receives $200, Hinson receives $9,400, and Tozzo-Belmont receives $400 of the $10,000 creditor "pot plan" payment.

E.      Classes of *Toz-Bel's* General Unsecured Claims

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|-------|-------------|----------------|----------------|-------------|-----------|
| 3 | Internal Revenue Service | N | Y | $34,793.47 | • Payment of $72.48 for twenty-four (24) quarters. |
| 7 | PSE&G | N | Y | $1,170.73 | • Payment of $58.53 on the Effective Date. |

F.      Classes of Equity Interest Holders

Mr. Maldonado and Ms. Chacon own 100% of the Debtors.  As such, they personally obtained loans in the amount of $100,000 and provided such funds to Debtors to consummate the Tozzo-Belmont settlement (Docket No. 127).  (See Docket No. 131).  Further, they personally guaranteed the $350,000 mortgage to Antos.

### 2.3      Estimated Number and Amount of Claims Objections.

The Debtors may object to the amount or validity of any Claim within 90 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim.  The Claim objected to will be treated as a Disputed Claim under the Plan.  If and when a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtors will pay the Allowed Claim in accordance with the Plan.

### 2.4      Treatment of Executory Contracts and Unexpired Leases.

Executory Contracts are contracts where significant performance of the contract remains for both the Debtors and another party to the contract.  The Debtors have the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval.  The paragraphs below explain the Debtors' intentions regarding its Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

There are no executory contracts or unexpired leases for the Debtors to reject or assume.

### 2.5      Means for Implementation of the Plan.

The Plan will be funded by Debtors' continued business operations.

On Confirmation of the Plan, all property of the Debtors, tangible and intangible, including, without limitation, liquor license, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtors.

12

The Debtors expect to have sufficient cash on hand to make the payments required on the Effective Date.

As provided in Paragraph 2.1 of this Combined Plan and Disclosure Statement, all United States Trustee Fees accrued prior to the Effective Date shall be paid in full, on or before the Effective Date, by the Debtors or any successor to the Debtors.  All United States Trustee Fees which accrue post-Effective Date shall be paid in full on a timely basis by the Debtors or any successor to the Debtors prior to the Debtors' case being closed, converted or dismissed.

The Board of Directors of the Debtors immediately prior to the Effective Date shall serve as the initial Board of Directors of the Reorganized Debtor on and after the Effective Date.  Each member of the Board of Directors shall serve in accordance with applicable non-bankruptcy law and the Debtors' certificate or articles of incorporation and bylaws, as each of the same may be amended from time to time.

### 2.6    Disbursing Agent.

Distributions to Creditors provided for in this Plan will be made by Debtors.

### 2.7    Post-Confirmation Management.

The Post-Confirmation Officers/Managers of the Debtors, and their compensation, shall be as follows:

| Name | Position | Compensation |
| --- | --- | --- |
| Julio Maldonado | Managing Member | $0 |
| Rosa Chacon Molina | Member | $600 per week |

### 2.8    Tax Consequences of the Plan.

Creditors and Equity Interest Holders concerned with how the Plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.

### 2.9    Risk Factors/Mitigating Factors.

The Debtors continued business operations shall fund the Plan and payments to creditors. The Debtors are confident such payment shall be made but there are no guarantees.

## ARTICLE 3
## FEASIBILITY OF PLAN

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors, unless such liquidation or reorganization is proposed in the Plan.

13

### 3.1     Ability to Initially Fund Plan.

The Plan Proponent believes that the Debtors will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.

### 3.2     Ability to Make Future Plan Payments and Operate Without Further Reorganization.

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent will provide projected financial information.

The Plan Proponent's financial projections show that the Debtors will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, to pay their debts as they come due.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

As noted above, according to an appraisal requested by Tozzo-Belmont, the Property was valued between $425,000 and $450,000. Antos has a $350,000 claim, various other secured creditors are owed collectively $100,000, Tozzo-Belmont has a $25,000 secured claim, Ramona Hinson has a $23,555.97 secured claim, and the IRS has a $5,292.11 secured claim. The assets, if liquidated, are not worth more than $50,000.

## ARTICLE 4
## LIQUIDATION VALUATION

To confirm the Plan, the Bankruptcy Court must find that all Creditors and Equity Interest holders who do not accept the Plan will receive at least as much under the Plan as such Claimants and Equity Interest holders would receive in a Chapter 7 liquidation. Such analysis shows that in a Chapter 7, unsecured creditors would not receive any payments, i.e., assets were liquidated due to the secured creditor's liens on such assets.

## ARTICLE 5
## DISCHARGE

### 5.1     Discharge.

On the Confirmation Date of this Plan, the Debtors will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtors will not be discharged from any debt imposed by this Plan.

## ARTICLE 6
## GENERAL PROVISIONS

### 6.1    Title to Assets.

Except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtors, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtors but for the terms in the Plan.

### 6.2    Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind the Debtors and all Creditors, whether or not they accept the Plan.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### 6.3    Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### 6.4    Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executor contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtors, including preference and fraudulent transfer causes of action.

### 6.5    Captions.

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### 6.6    Modification of Plan.

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Bankruptcy Court may require a new disclosure statement and/or revoting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Bankruptcy Court authorizes the proposed

### 6.7    Final Decree.

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case.  Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

## ARTICLE 7
## ATTACHMENTS

The following documents accompany the Combined Plan and Disclosure Statement:

[] Debtors' Assets at Fair Market Value, annexed as Exhibit _____.
[ ] Debtors' Liabilities, annexed as Exhibit _____.
[ ] Financial forecast for the Debtors, annexed as Exhibit ___.
[ ] Debtors' most recent financial statements issued before bankruptcy, annexed as Exhibit ___.
[ ] Debtor's most recent post-petition operating report filed since the commencement of the Debtors' bankruptcy case, annexed as Exhibit ___.
[ ] Summary of the Debtors' periodic operating reports filed since the commencement of the Debtors' bankruptcy case, annexed as Exhibit ___.
[ ] Executory Contracts and Unexpired Leases, to be Assumed annexed as Exhibit ___.
[ ] Executory Contracts and Unexpired Leases to be Assumed and Assigned, annexed as Exhibit ___.
[ ] Executory Contracts and Unexpired Leases to be Rejected, annexed as Exhibit ___.
[ ] Tables showing the amount of cash on hand as of the Effective Date, and the sources of that cash, annexed as Exhibit ___.
[ ] Liquidation Analysis, annexed as Exhibit ___.

## ARTICLE 8
## FREQUENTLY ASKED QUESTIONS

### What Is the [DEBTOR] Attempting to Do in Chapter 11?

Chapter 11 is the principal reorganization chapter of the Bankruptcy Code. Under Chapter 11, a debtor attempts to restructure the claims held against it.  Formulation and confirmation of a plan of reorganization is the primary goal of Chapter 11. When reorganization is not feasible, however, a debtor may propose a liquidating plan under Chapter 11. The plan is the legal

document which sets forth the manner and the means by which holders of claims against a debtor
will be treated.

**If the Plan of Reorganization [or Liquidation] Is the Document That Governs
How a Claim Will Be Treated, Why Am I Receiving This Combined Plan and Disclosure
Statement?**

In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code requires that a
debtor solicit acceptances of a proposed plan, which it is
doing with this Combined Plan and Disclosure Statement. If the creditors are satisfied with the
information provided in the Plan and the terms of the Plan as proposed, and have voted for the
Plan and returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court
may confirm the Plan as proposed by the Debtor.

**How Do I Determine Which Class I Am In?**

To determine the class of your claim or interest, you must first determine whether your claim is
secured or unsecured. Your claim is secured if you have a validly perfected security interest in
collateral owned by the Debtor. If you do not have any collateral, your claim is unsecured. The
Table of Contents will direct you to the treatment provided to the class in which you are grouped.
The pertinent section of the Plan dealing with that class will explain, among other things, who is
in that class, what is the size of the class, what you will receive if the Plan is confirmed, and
when you will receive what the Plan has provided for you if the Plan is confirmed.
[Paragraph/Section]____ lists all classes of claimants and their types of
claims.

**Why Is Confirmation of a Plan of Reorganization [or Liquidation] Important?**

Confirmation of the Plan is necessary because if the Plan is confirmed, the
Debtor and all of its creditors are bound by the terms of the Plan. If the Plan is not confirmed, the
Debtor may not pay creditors as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to Confirm a Plan of Reorganization [or Liquidation]?**

Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds
in total dollar amount and a majority in number of claims actually voting in each voting class. If
the vote is insufficient, the Bankruptcy Court can still confirm the Plan, but only if certain
additional elements regarding the ultimate fairness of the Plan to the creditors are shown.

**Am I Entitled to Vote on the Plan?**

Any creditor of the Debtor whose claim is IMPAIRED under the Plan is entitled to vote, if either
(i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as
disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before
the last date set by the Bankruptcy Court for such filings. Any claim to which an objection has
been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy

17

Court temporarily allows the creditor to vote upon the creditor's motion. Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How Do I Determine Whether I Am in an Impaired Class?**

[Section/Paragraph] _____ of the Plan identifies the classes of creditors whose claims are impaired. If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I Need to Return My Ballot?**

The Plan is being distributed to all claim holders for their review, consideration and approval. The deadline by which ballots must be returned is _____. Ballots should be mailed to the following address: Trenk, DiPasquale, Della Fera & Sodono, P.C., Sari B. Placona, Esq., and Anthony Sodono, III, Esq., 347 Mount Pleasant Avenue, Suite 300, West Orange, NJ 07052.

**How Do I Determine When and How Much I Will Be Paid?**

In [Section/Paragraph] _____, the Debtor has provided both written and financial summaries of what it anticipates each class of creditors will receive under the Plan.

**ARTICLE 9**
**DEFINITIONS**

A "definition" section is required by D.N.J. LBR 3016-1(c)(3)]

       **9.1.**    The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan. The definitions that follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the Code.

       **9.2.**    Administrative Claimant: Any person entitled to payment of an Administration Expense.

       **9.3.**    Administrative Convenience Class:  A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

       **9.4.**    Administrative Expense: Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against any of the Debtor's estates under Chapter 123, Title 28, United States Code.

18

9.5. Administrative Tax Claim: Any tax incurred pursuant to Section 503(b)(1)(B) of the Code.

9.6. Allowed Claim: Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party in interest, including the Debtor, does not timely file an objection, or (ii) is allowed by a Final Order.

9.7. Allowed Priority Tax Claim: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

9.8. Allowed Secured Claim: Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code

9.9. Allowed Unsecured Claim: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

9.10. Bankruptcy Code or Code: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

9.11. Bankruptcy Court: The United States Bankruptcy Court for the District of New Jersey.

9.12. Bankruptcy Rules: The Federal Rules of Bankruptcy Procedure.

9.13. Cash: Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

9.14. Chapter 11 Case: The cases under chapter 11 of the Bankruptcy Code in which Toz-Bel and Juroma Properties are the Debtors-in-Possession.

9.15. Claim: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

19

**9.16.**    Class: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17.**    Committee: Any Committee of Creditors appointed by the United States Trustee in the chapter 11case pursuant to Section 1102 of the Bankruptcy Code.

**9.18.**    Confirmation: The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19.**    Confirmation Date: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20.**    Confirmation Hearing: The hearing to be held on ____, 2017 to consider confirmation of the Plan.

**9.21.**    Confirmation Order: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**9.22.**    Creditor: Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.23.**    Debtors and Debtor-in-Possession: Toz-Bel and Juroma Properties, the debtors-in-possession in this Chapter 11 Case.

**9.24.**    Disputed Claim: Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.25.**    Distributions: The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.26.**    Effective Date: The first day of the month which is thirty (30) days after the date on which the Confirmation Order becomes a Final Order

**9.27.**    Equity Interest: An ownership interest in the Debtor.

**9.28.**    Executory Contracts: All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.29.**    Final Order: An order or judgment of the Bankruptcy Court that has not

been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

    **9.30.** IRC: The Internal Revenue Code

    **9.31.** Petition Date: [DATE], the date the chapter 11 petition for relief was filed.

    **9.32.** Plan: This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

    **9.33.** Plan Proponent: The individual or entity that has filed this Combined Plan and Disclosure Statement.

    **9.34.** Priority Tax Claim: Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

    **9.35.** Reorganized Debtor: The Debtor after the Effective Date.

    **9.36.** Schedules: Schedules and Statement of Financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

    **9.37.** Secured Creditor: Any creditor that holds a Claim that is secured by property of the Debtor.

**9.38.** Unsecured Creditor: Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

Respectfully submitted,

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
*Counsel to Toz-Bel, LLC, d/b/a Rossy's Garden*
*Restaurant, Debtor and Debtor-in-Possession*

By:____/s/ Anthony Sodono, III_____
      ANTHONY SODONO, III


    ____/s/ Julio Maldonado_____
      JULIO MALDONADO


**SCURA WIGFIELD HEYER & STEVENS, LLP**
*Counsel to Juroma Properties, LLC*



By:____/s/ David L. Stevens_____
      DAVID L. STEVENS


    ____/s/ Julio Maldonado_____
      JULIO MALDONADO


Dated:  February 23, 2017
4830-0219-2696, v.  1

**TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Anthony Sodono, III
Sari B. Placona
*Counsel to Toz-Bel, LLC, d/b/a Rossy's Garden
Restaurant, Debtor and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Case No. 16-17985 (VFP) |
|  | Jointly Administered |
| JUROMA PROPERTIES, LLC, TOZ-BEL, LLC, AND JULIO MALDONADO and ROSA I. CHACON MOLINA, | Chapter 11 (Small Business) |
|  | Honorable Vincent F. Papalia, U.S.B.J. |
| Debtors. |  |

**ORDER CONDITIONALLY APPROVING DISCLOSURE STATEMENT, FIXING
TIME FOR FILING ACCEPTANCES OR REJECTIONS OF THE PLAN, AND FIXING
THE TIME FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND
TO THE CONFIRMATION OF THE PLAN, COMBINED WITH NOTICE THEREOF
AND OF THE HEARING ON FINAL APPROVAL OF THE DISCLOSURE
STATEMENTAND THE HEARING ON CONFIRMATION OF THE PLAN**

The relief set forth on the following page is hereby **ORDERED**.

This matter having been opened to the Court by Toz-Bel, LLC, d/b/a Rossy's Garden Restaurant ("Toz-Bel") **and** Juroma Properties, LLC ("Juroma Properties") (collectively, the "Debtors"), Plan Proponent, through counsel upon the filing of a Small Business Plan and Small Business Disclosure Statement dated February 23, 2017 under Chapter 11 of the United States Bankruptcy Code; it is

**ORDERED**, and notice is hereby given, that:

A.    The Disclosure Statement dated _____ and filed by the Debtor is conditionally approved.

B.    Within two (2) days after the entry of this Order, the Plan, the Disclosure Statement and a ballot conforming to Official Form 14 shall be mailed to creditors, equity security holders, and other parties in interest, and shall be transmitted to the United States Trustee.

C.    _____ is fixed as the last day for filing and serving written objections to the Disclosure Statement and confirmation of the Plan.

D.    _____ is fixed as the last day for filing written acceptances or rejections of the Plan under D.N.J. LBR 3018-1.

E.    A hearing shall be held on _____ at _____ (a date within 45 days of the filing of the Plan) for final approval of the Disclosure Statement (if a written objection has been timely filed) and for confirmation of the Plan before the Honorable _____, United States Bankruptcy Court, District of New Jersey, _____, in Courtroom _____.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

790542
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for WELLS FARGO BANK, NA

| In Re:<br><br>JUROMA PROPERTIES, LLC<br>TOZ-BEL, LLC<br>JULIO MALDONADO<br>ROSA I. CHACON MOLINA | Case No:  16-17985 – VFP<br>Jointly Administered<br><br>Hearing Date: _____<br><br>Judge:  Vincent F. Papalia<br><br>Chapter:  11 |
| --- | --- |

## CERTIFICATION OF SERVICE

1.   I, Marc Schroeder:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents WELLS FARGO BANK, NA in the above captioned matter.

☐ am the _____ in the above case and am representing myself.

2.   On March 31, 2017 I sent a copy of the following pleadings and/or documents to the parties listed below:

Objection to Plan

3.   I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  _March 31, 2017_____          /s/  *Marc Schroeder*_____
                                                                              Marc Schroeder

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| JUROMA PROPERTIES, LLC<br>81 MANCHESTER PLACE<br>NEWARK, NJ 07104 | Debtor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| JULIO B. MALDONADO<br>128-130 HECKEL STREET<br>BELLEVILLE, NJ 07109 | Debtor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| ROSA I. CHACON MOLINA<br>128-130 HECKEL STREET<br>BELLEVILLE, NJ 07109 | Debtor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| JOHN J SCURA, III, Esquire<br>1599 HAMBURG TURNPIKE<br>PO BOX 2031 | Debtor's Attorney | ☐ Hand-delivered<br><br>☒ Regular mail |

| | | |
|---|---|---|
| WAYNE, NJ 07470 | | ☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| MELINDA D. MIDDLEBROOKS<br>841 MOUNTAIN AVE<br>FIRST FLOOR<br>SPRINGFIELD, NJ 07081 | Debtors' Attorney | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| U.S. TRUSTEE.<br>OFFICE OF THE US TRUSTEE<br>ONE NEWARK CENTER STE 2100<br>NEWARK, NJ 07102 | Trustee | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| ANTHONY SODONO, III<br>TRENK, DIPASQUALE,<br>DELLA FERA & SODONO<br>347 MT. PLEASANT AVE. – STE. 300<br>WEST ORANGE, NJ 07052 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing |

| | | |
|---|---|---|
| | | (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Norgaard O'Boyle<br>Attn: Karl J. Norgaard, Esq.<br>184 Grand Ave.<br>Englewood, NJ 07631 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Patrick M. Sages, Esq. Offices of Hack Piro<br>30 Columbia Turnpike, 3rd Fl.<br>Florham Park, NJ 07932 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Propel Financial Services (PFS)<br>7990 IH-10 West, Ste. 200<br>San Antonio, TX 78230 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Ramona Hinson<br>83 Spruce St. | Creditor | ☐ Hand-delivered |

| | | |
|---|---|---|
| Bloomfield, NJ 07003 | | ☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Rossy's Garden Restaurant<br>14 Belmont Ave.<br>Belleville, NJ 07109 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Sari Blai Placona<br>347 Mount Pleasant Ave.<br>West Orange, NJ 07052 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Township of Belleville<br>Office of the Tax Collector<br>152 Washington Ave.<br>Belleville, NJ 07109 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail |

| | | |
|---|---|---|
| | | ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |
| Toz-Bel, LLC <br> 318 Bloomfield Ave. <br> Bloomfield, NJ 07003 | Creditor | ☐ Hand-delivered <br><br> ☒ Regular mail <br><br> ☐ Certified mail/RR <br><br> ☐ E-mail <br><br> ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |
| Tozzo-Belmont, Inc. <br> 318 Bloomfield Ave. <br> Bloomfield, NJ 07003 | Creditor | ☐ Hand-delivered <br><br> ☒ Regular mail <br><br> ☐ Certified mail/RR <br><br> ☐ E-mail <br><br> ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |
| Ally Financial <br> Po Box 130424 <br> Saint Paul, MN 55113 | Creditor | ☐ Hand-delivered <br><br> ☒ Regular mail <br><br> ☐ Certified mail/RR <br><br> ☐ E-mail <br><br> ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |
| BEST BUY | Creditor | ☐ Hand-delivered |

| | | |
|---|---|---|
| P.O. BOX 78009<br>PHOENIX, AZ 85062-8009 | | ☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| CITIBANK/THE HOME DEPOT CITICORP CREDIT SRVS/ CENTRALIZED BANKUP<br>PO BOX 790040<br>SAINT LOUIS, MO 63179 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| CITY OF NEWARK DIVISION OF WATER<br>920 BROAD STREET ROOM 117 NEWARK, NJ 07102 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail |

| | | |
|---|---|---|
| | | ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |
| MIDLAND FUNDING LLC <br> P.O. BOX 939069 <br> SAN DIEGO, CA 92123 | Creditor | ☐ Hand-delivered <br><br> ☒ Regular mail <br><br> ☐ Certified mail/RR <br><br> ☐ E-mail <br><br> ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |
| NATIONSTAR MORTGAGE LLC <br> 8950 CYPRESS WATERS BLVD <br> COPPELL, TX 75019 | Creditor | ☐ Hand-delivered <br><br> ☒ Regular mail <br><br> ☐ Certified mail/RR <br><br> ☐ E-mail <br><br> ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |
| PALISADES SAFETY & INSURANCE ASSOC. <br> C/O LAW OFFICE OF DEBRA HART <br> 303 FELLOWSHIP ROAD, SUITE 300 <br> MOUNT LAUREL, NJ 08054 | Creditor | ☐ Hand-delivered <br><br> ☒ Regular mail <br><br> ☐ Certified mail/RR <br><br> ☐ E-mail <br><br> ☐ Notice of Electronic Filing (NEF) <br><br> ☐ Other_____ <br> (as authorized by the court *) |

| | | |
|---|---|---|
| PSE&G<br>P.O. BOX 490<br>ATTN: BANKRUPTCY DEPT.<br>CRANFORD, NJ 07016 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| SENEX SERVICES CORP<br>3333 FOUNDERS RD<br>2ND FLOOR<br>INDIANAPOLIS, IN 46268 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| STATE OF NEW JERSEY<br>DIVISION OF TAXATION<br>COMPLIANCE ACTIVITY<br>PO BOX 245<br>TRENTON, NJ 08695-0245 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| TOZZO-BELMONT, INC.<br>C/O NORGAARD O'BOYLE<br>184 GRAND AVENUE<br>ENGLEWOOD, NJ 07631 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR |

| | | |
|---|---|---|
| | | ☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| VISA DEPT STORE NATIONAL BANK ATTN: BANKRUPTCY PO BOX 8053 MASON, OH 45040 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| WELLS FARGO DEALER SERVICES PO BOX 19657 IRVINE, CA 92623-9657 | Creditor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.