# TOZZO BELMONT, INC.

April 12, 2017

Judge Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
King Federal Building
50 Walnut St.
Newark, NJ 07102

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2017 APR 24  P 3: 06

JEANNE A. NAUGHTON

BY: C. Richards
DEPUTY CLERK

RE:   Case No. 16-17985 VFP
      Motion of for Order Relieving Norgaard O'Boyle as Counsel to Tozzo-Belmont, Inc.

Dear Judge,

I am in receipt of paperwork filed by my attorneys. They are looking to be relieved as our counsel on the basis of non-payment of their firm's invoices. I note that they have included a "Statement of Non-Necessity of Brief" as they feel the motion "involves common questions of law and fact and does not involve complex or novel issues".

I must respectfully object to their application. They have conveniently left out issues of importance.

Here are the base facts:

1. I have paid them in excess of $113,000 to date of over $138,000.00 billed.
2. This money does not even include several more thousand dollars paid to others (court appointed receiver, et. al.)
3. Only their last bills of $25,592.35 are at issue.

Here are the reasons their motion should be denied:

1. Putting it in better perspective...The amount paid was to collect $375,000.00 from a $480,000.00 amount owed by the debtors, plus a $17,300.00 note (which the debtors are already two months past due).
2. Norgaard O'Boyle consistently failed to call me to apprise me of the status of the case. Their failure to communicate with me deteriorated to such a point that I insisted that Mr. Gary Norgaard attend to the matter that was not, in my opinion, being reasonably attended to by others assigned to the matter. As a result of such discussions, Mr. Norgaard agreed to an arrangement were his law firm e-mail us a weekly status update to correct the problem, which they did. (How much did that email preparation cost me?)
3. Norgaard O'Boyle represented to me from the very beginning, during our initial conference with both Gary Norgaard and his son Karl, I was explicitly told that Karl would be handling the case, using his father Gary for consultation, as his father was partially retired and working only part time. Imagine my surprise when the case was

assigned initially to someone else in their firm. Eventually, after complaining, the case was transferred to John O'Boyle. I was still displeased at this. Karl Norgaard spent little time on the case, and Gary Norgaard eventually came in to handle the case because of the problems that we encountered with the law firm's other lawyers. I suspect that Gary came in when he saw the poor progression of the case. (As a note, my controller was with me during the initial conference, and can verify their statements).

4. In my opinion, their communications with me have been sub-standard and not what I have experienced with other attorneys. I should have been able to clearly understand what they were trying to tell me. Instead, I was forced to have a third party attorney act as "translator" for the issues they were trying to discuss with me. I am not supposed to be an attorney to understand them.
5. They did not handle the case in a most expeditious manner. They needed guidance from another attorney, who basically had to act as General Counsel, contrary to Norgaard O'Boyle claims of great experience and expertise in this type of claim. In fact, we had to repeatedly communicate to them to prosecute the claim against the debtors in an aggressive manner. Until we did, there was no substantial movement in the case.

**_Norgaard O'Boyle has to date not even reviewed their bills with an eye to overcharges_**. I can think of a few reasons that they should:

   a. Assignment of case to underlings, contrary to representations. None of those attorney charges have been reviewed.
   b. Credits for me having to bring in a third party attorney because of their performance, and need for guidance. Without this attorney, our settlement would not have been as good.
   c. Possible mistakes in billing and time allocations.

These are just the factual reasons they should review their bill. I feel they should also review their billing to adjust amounts where they feel they did not do an adequate job.

In summary, I would agree with them that the motion "does not involve complex or novel issues". Unfortunately, that is because, in my opinion, the simple issues are their poor performance, failure to review their billing, misrepresentations to their client, and poor communications. I or my controller, Richard Engel, who also has knowledge about the handling of the case, would be willing to appear before the court, should the court have any questions.

It is requested that you do not approve their motion.

Very truly yours,

Dominick Tozze

**318 Bloomfield Ave.
Bloomfield, N.J. 07003**