**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Anthony Sodono, III
Sari B. Placona
*Counsel to Toz-Bel, LLC, Debtor/*
*Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| JUROMA PROPERTIES, LLC, and Toz-Bel, LLC, | Case No. 16-17985 (VFP) |
| Debtors. | Jointly Administered |

**DEBTORS' OPPOSITION TO THE ACTING UNITED STATES TRUSTEE'S MOTION FOR AN ORDER CONVERTING CASES TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISSING CASES**

**TO:    PARTIES ON ATTACHED CERTIFICATE OF SERVICE**

Toz-Bel, LLC, d/b/a Rossy's Garden Restaurant ("Toz-Bel"), and Juroma Properties, LLC ("Juroma"), chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, Trenk DiPasquale Della Fera & Sodono, P.C. for Toz-Bel and Scura Wigfield Heyer & Stevens, LLP for Juroma, files this Opposition ("Opposition") to the Motion of the Acting United States Trustee (the "UST") for an Order Converting Cases to Chapter 7 or, in the Alternative, Dismissing Cases (the "Motion"), and respectfully states as follows:

## **PRELIMINARY STATEMENT**

The Debtors operate a family owned restaurant. They are very close to successfully reorganizing to benefit, among others, creditors. The Debtors are well run and can meet their payments under the reorganization plan. The Debtors have complied with filing their monthly operating reports ("MOR's"). Shutting down the Debtors' businesses or converting the cases will only prejudice creditors.

## **BACKGROUND**

1. On March 22, 2016, Toz-Bel filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Case No. 16-15415; Docket No. 1.

2. On April 26, 2016, Juroma filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Case No. 16-17985; Docket No. 1.

3. On July 15, 2016, the Court entered an Order granting joint administration of Toz-Bel and Juroma's cases. Docket No. 36.

4. Debtors continue to operate its businesses and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee or trustee has been appointed in this case.

5. Toz-Bel is a restaurant located at 14 Belmont Avenue, Belleville, New Jersey 07109. The restaurant serves Ecuadorian and Italian cuisine.

6. On February 23, 2017, Debtors filed their Small Business Chapter 11 Combined Plan and Disclosure Statement. Docket No. 157.

7. On May 17, 2017, Debtors filed their Amended Chapter 11 Combined Plan and Disclosure Statement. Docket No. 197.

8. On June 9, 2017, the Court entered an Order conditionally approving disclosure statement, fixing time for filing acceptances or rejections of the plan, and fixing the time for filing objections to the disclosure statement and to the confirmation of the plan, combined with notice thereof and of the hearing of final approval of the disclosure statement and the hearing on confirmation of the plan (the "Disclosure Statement Order").

9. The Disclosure Statement Order scheduled a hearing for July 27, 2017 for final approval of the disclosure and for confirmation of the Plan.

10. On July 5, 2017, Juroma filed its MOR's for January, February, March, April, and May 2017.

11. On July 5, 2017, Toz-Bel filed its MOR's for January, February, March, April, and May 2017.

## ARGUMENT

### I. DEBTORS' CASES SHOULD NOT BE DISMISSED OR CONVERTED

12. Debtors have filed the MOR's as required in the Motion. In addition, Debtors have proposed a feasible plan of reorganization to benefit creditors. Accordingly, the UST's Motion should be denied.

13. In addressing the UST's concerns, Debtors' operating reports for January 2017 through May 2017 have now been filed.

14. The UST relies on 11 U.S.C. §1112 for its reason to dismiss or convert Debtors' cases. Section 1112(b)(4)(A) of the Bankruptcy Code provides for dismissal based on "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. 1112(b)(4)(A). Nonetheless, the "basis for dismissal is conjunctive and requires not only a consideration of whether a debtor is suffering continuing losses but whether

the debtor's business prospects justify continuing the Chapter 11 case." In re EnCap Golf Holdings, LLC, 2008 WL 4200324 at *9 (Bankr. D.N.J. Sept. 4, 2008). In EnCap, the court denied a motion to convert under this section because the record demonstrated that the debtor would be able to file a plan in a matter of weeks. Id. Similarly, in In re Congoleum Corp., 414 B.R. 44, 61 (D.N.J. 2009), the District Court in this District held that a bankruptcy court had abused its discretion when it converted a case under this section based solely on mounting professional fees and the debtor's seeming inability to submit a confirmable plan. The District Court noted that the bankruptcy court had failed to adequately consider whether the debtors could submit a confirmable plan, and had simply presumed that they could not, and had focused solely on the difficulties associated with proposing an acceptable plan, and not on the consequences of dismissal. Id.

15. Debtors have now complied with the UST's issues in their Motion.

16. Debtors believe they will confirm their plan of reorganization.

## II.   CONCLUSION

Accordingly, the Debtors respectfully request that this Court deny the Motion.

Respectfully submitted,

**TRENK, DIPASQUALE,
DELLA FERA & SODONO, P.C.**
*Counsel to Toz-Bel, LLC, Debtor/
Debtor-in-Possession*

By: */s/ Anthony Sodono, III*
       Anthony Sodono, III

Dated: July 5, 2017

4813-7170-1835, v. 1

## SERVICE LIST

Peter J. D'Auria, Esq.
Office of the United States Trustee
1 Newark Center, Ste. 2100
Newark, NJ 07102-5235

Juroma Properties, LLC
81 Manchester Place
Newark, NJ 07104

Toz-Bel, LLC
14 Belmont Avenue
Belleville, NJ 07109

Karl J. Norgaard, Esq.
Norgaard O'Boyle
184 Grand Avenue
Englewood, NJ 07631
*Attorneys for Tozzo-Belmont, Inc.*

Internal Revenue Service
Special Procedures Branch
Attention: Bankruptcy Section
PO Box 744
Springfield, NJ 07081-0744

United States Attorney
970 Broad Street, 5th Fl.
Newark, NJ 07102
*On Behalf of the Internal Revenue Service*

Julio Maldonado and Rosa Chacon
c/o Melinda D. Middlebrooks, Esq.
Joseph M. Shapiro, Esq.
Middlebrooks Shapiro, P.C.
841 Mountain Avenue, 1st Fl.
Springfield, NJ 07081

Juroma Properties, LLC
c/o John J. Scura, III, Esq.
Scura Wigfield Heyer & Stevens, LLP
1599 Hamburg Turnpike
Wayne, NJ 07470

Michael Dingerdissen, Esq.
Nicholas Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
*Attorneys for Wells Fargo Bank, NA*

John O'Boyle, Esq.
Norgaard O'Boyle
184 Grand Avenue
Englewood, NJ 07631
*Attorney for Norgaard O'Boyle*

Adam D. Greenberg, Esq.
Honig & Greenberg, LLC
1949 Berlin Road, Suite 200
Cherry Hills, NJ 08003
*Attorney for Creditor, PFS Financial 1, LLC*

Denise E. Carlon, Esq.
KML Law Group, PC
Sentry Office Plaza
216 Haddon Avenue, Suite 206
Westmont, NJ 08108
*Attorney for Toyota Motor Credit Corp.*

James Patrick Shay, Esq.
Phelan Hallinan Diamond, et al
1617 JFL Blvd.
One Penn Center, Suite 1400
Philadelphia, PA 19103
*Attorney for Wells Fargo Bank, NA*

Fran B. Steele, Esq.
US Dept. of Justice
Office of the US Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

4826-3689-0443, v. 1